KEARY MULLIGAN *v.* ALLEN S. HALL ET AL.
(11150)

DALY, LANDAU and HEIMAN, Js.

Argued June 10—decision released July 27, 1993

*Kerry M. Wisser,* with whom, on the brief, were *James M. S. Ullman* and *Jennifer C. Jaff,* for the appellant (plaintiff).

*Michael L. Tierney,* with whom, on the brief, was *Thomas H. Cotter,* for the appellee (intervening plaintiff Chemsearch, Inc.).

PER CURIAM. The plaintiff appeals from a stipulated judgment awarding him damages in a personal injury action.[1] On appeal, the plaintiff asserts that the trial court improperly (1) allowed the workers' compensation carrier to intervene and (2) forced the plaintiff to trial. We are unable to review this matter because the plaintiff cannot appeal from the stipulated judgment.

"A stipulated judgment allows the parties to avoid litigation by entering into an agreement that will settle their differences once the court renders judgment on the basis of the agreement." *Housing Authority* v. *Lamothe,* 27 Conn. App. 755, 759, 610 A.2d 695 (1992), rev'd on other grounds, 225 Conn. 757, 627 A.2d 367 (1993); *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). The stipulated judgment is a contract between the parties " 'acknowledged in open court and ordered to be recorded by a court of competent jurisdiction.' " *Housing Authority* v. *Lamothe,* supra; *Gillis* v. *Gillis,* 214 Conn. 336, 339, 572 A.2d 323 (1990). The judgment is as binding as if it had been obtained after a trial. *Housing Authority* v. *Lamothe,* supra. It cannot be altered or set aside without the consent of all of the parties, " 'unless it is shown that the stipulation was obtained by fraud, accident or mistake.' " *Gillis* v. *Gillis,* supra, 340; *Housing Authority* v. *Lamothe,* supra.

The procedure for opening or setting aside a judgment is governed by General Statutes § 52-212a[2] and

[1] Other defendants named in the complaint are J.A.C.E. Transportation Company, Inc., and Housatonic Area Regional Transit. Chemsearch, Inc., is an intervening plaintiff to the action. The appeal involving all the defendants was withdrawn on October 16, 1992. The appeal between the plaintiff and the intervening plaintiff is presently before this court.

[2] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

Practice Book § 326.[3] If a party seeks to open or set aside a judgment, it must do so by a motion to the trial court. *William G. Major Construction Co.* v. *DeMichely,* 166 Conn. 368, 375, 349 A.2d 827 (1974). A party's failure to file a motion to open or set aside the stipulated judgment in the trial court precludes this court from reviewing the stipulated judgment. Id.

Here, the plaintiff is attempting to appeal from a stipulated judgment. There is no showing in the record of the filing of a motion to open or set aside the judgment of the trial court. If the plaintiff had moved the trial court to open or set aside the judgment, he "could have taken an appeal had he believed that the court erred in its ruling." Id. Since the judgment was not properly challenged in the trial court, this court is unable to afford review of this matter.

The appeal is dismissed.

---

[3] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."