KEARY MULLIGAN *v.* ALLEN S. HALL ET AL.
(14852)

PETERS, C. J., CALLAHAN, NORCOTT, KATZ and PALMER, Js.

Argued March 23—decision released March 25, 1994*

---

* March 25, 1994, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Kerry M. Wisser,* for the appellant (plaintiff).

*Michael L. Tierney,* for the appellee (intervening plaintiff Chemsearch, Inc.).

PER CURIAM. The sole issue in this certified appeal is whether there is a right to appeal from a stipulated judgment that settles a personal injury action between the injured plaintiff and his alleged tortfeasors and expressly reserves the injured plaintiff's right to appeal the allocation of the proceeds of the judgment between himself and an intervening plaintiff. The plaintiff, Keary Mulligan, brought a personal injury action against the defendants, Allen S. Hall, J.A.C.E. Transportation Company, Inc., and Housatonic Area Regional Transit. Over his protest, the trial court, *West, J.,* granted a motion to intervene filed by the plaintiff's employer, Chemsearch, Inc. (employer), in order to secure a workers' compensation lien for amounts previously paid to the injured plaintiff.[1]

---

[1] The trial court, *Fuller, J.,* subsequently also granted the Second Injury Fund the right to intervene but it has not participated in this appeal.

The trial court, *Fuller, J.*, rendered a stipulated judgment awarding the plaintiff $1,500,000 in damages in discharge of all claims against the defendants. The court noted the agreement of the parties that the amount of the challenged workers' compensation lien was $200,779.10. As part of the stipulated judgment, the court stated, on the record, that the plaintiff had reserved "the right to take an appeal to challenge the question of the intervention of the action." The stipulated judgment was rendered in the presence of counsel for the employer, who agreed that the plaintiff had his right, "whatever it is."

The Appellate Court declined to consider the plaintiff's appeal on its merits. *Mulligan* v. *Hall*, 32 Conn. App. 203, 628 A.2d 621 (1993). The court concluded that the plaintiff had no right to appeal from a stipulated judgment without a showing that his consent to the judgment had been obtained by fraud, accident or mistake. Id., 204. In the absence of a motion in the trial court to open or to set aside the judgment, the court decided that it lacked the authority to review the stipulated judgment. Id., 205. We granted the plaintiff's petition for certification,[2] and now reverse.

The Appellate Court misconceived the scope and the intent of the stipulated judgment. That judgment liquidated and settled the plaintiff's claims against the defendants. Neither the plaintiff nor the employer challenges the terms of the settlement. The only issue between them is the proper allocation of the settlement proceeds. It would therefore serve no purpose for the plaintiff to move to set aside the stipulated judgment.

---

[2] We granted the plaintiff's petition for certification, limited to the following issue: "Did the Appellate Court properly dismiss this appeal from a stipulated judgment in a personal injury action involving a workers' compensation claim, when the parties had reserved, in stipulating to the judgment, the right to appeal and to challenge the trial court's earlier granting of the employer's motion to intervene?" *Mulligan* v. *Hall*, 227 Conn. 931, 632 A.2d 707 (1993).

The Appellate Court correctly analyzed the stipulated judgment as having the effect of a contractual agreement. See *Gillis* v. *Gillis,* 214 Conn. 336, 339–40, 572 A.2d 323 (1990), and cases therein cited. There is, however, nothing inconsistent, illogical or unlawful in an agreement between two parties that expressly or impliedly reserves the rights of one of the parties against a third party. It is commonplace, in a personal injury action, to have an injured party negotiate a settlement that results in a release of some but not all the alleged joint tortfeasors. Even without an express reservation of rights, a general release discharges only those joint tortfeasors whom the contracting parties actually intended to be released. *Sims* v. *Honda Motor Co.,* 225 Conn. 401, 406, 623 A.2d 995 (1993). Similarly, even without an express reservation of rights, a creditor who enters into a settlement with a debtor discharges the debtor's surety only to the extent that the settlement prejudices the surety. Cf. General Statutes § 42a-3-605 (d) (as amended 1991). With an express reservation of rights, a creditor retains rights against an insurer, even when the creditor's actions have resulted in the discharge of the underlying debtor's monetary obligations. *Burritt Mutual Savings Bank* v. *Transamerica Ins. Co.,* 180 Conn. 71, 82, 428 A.2d 333 (1980). In the specific context of workers' compensation claims, a stipulated judgment between the injured plaintiff and the tortfeasors does not bar subsequent litigation about the extent of the employer's lien. See *Love* v. *J. P. Stevens & Co.,* 218 Conn. 46, 49, 587 A.2d 1042 (1991).

In the circumstances of this case, likewise, the settlement between the injured plaintiff and the defendants properly reserved the plaintiff's right to contest the employer's lien on the settlement proceeds. The record unambiguously reflects that the stipulated judgment arising out of the settlement was understood by

the parties thereto to have preserved the plaintiff's right to appeal that issue. The employer, through the presence of his attorney, had notice of the plaintiff's reservation of rights.

Only an appeal can afford the plaintiff the opportunity to vindicate the rights that he expressly reserved. The Appellate Court should consider the merits of his claim.

The judgment of the Appellate Court is reversed and the case is remanded with direction to reinstate the plaintiff's appeal.