MATKA CORPORATION *v.* AUTOMATED MATERIAL
HANDLING, INC.
(13539)

DUPONT, C. J., LAVERY, SCHALLER and SPEAR, Js.

Considered May 25—decision released June 2, 1994

*Paul A. Keily,* in favor of the motion.

*Wendy J. Davies,* in opposition to the motion.

PER CURIAM. The plaintiff in this breach of contract action has filed a motion to dismiss the defendant's appeal as untimely. The dispositive issue in this appeal is whether the filing of a motion for articulation extends the appeal period pursuant to Practice Book § 4009. We conclude that it does not and therefore, grant the motion to dismiss.

The facts of this case are not in dispute. In April, 1992, the plaintiff brought an action against the defendant for breach of an alleged contract concerning computer consulting work. An attorney fact finder found for the plaintiff. On March 28, 1994, the trial court rendered judgment in accordance with the findings of the fact finder. The defendant filed a motion for articulation requesting that the court articulate the basis for its decision. That motion was denied on April 13, 1994. The defendant appealed on April 22, 1994, from the judgment rendered in accordance with the findings of the fact finder and the denial of its motion for articulation.[1]

---

[1] It is not proper appellate procedure for a defendant to seek review of the denial of a motion for articulation by way of an appeal. A motion for review may be filed with this court pursuant to Practice Book § 4054 after taking a timely appeal, provided the motion for articulation was filed after the appeal was taken. See Practice Book § 4051; *Stamford Apartments Co.* v. *Stamford,* 203 Conn. 586, 590 n.1, 525 A.2d 1327 (1987); *Marcus* v. *DuPerry,* 25 Conn. App. 293, 294 n.1, 593 A.2d 163 (1991), rev'd in part on other grounds, 223 Conn. 484, 611 A.2d 859 (1992).

Pursuant to Practice Book § 4009, a party appealing shall file an appeal within twenty days from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken. "[B]ut if within the appeal period any motion is filed which, if granted, *would render the judgment or decision ineffective* . . . the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion . . . ." (Emphasis added.)

The plaintiff moves to dismiss the appeal as untimely because it was not filed within twenty days from the issuance of notice of judgment for the plaintiff. The defendant, on the other hand, contends that the appeal was timely because it was filed within twenty days of the order denying its motion for articulation.

"The purpose of . . . a motion [for articulation] is to clarify an ambiguity or incompleteness in the decision of the trial court." *State* v. *Holloway,* 22 Conn. App. 265, 274, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990). " '[It] is not an opportunity for a trial court to substitute a new decision [or] to change the reasoning or basis of a prior decision.' " *Miller* v. *Kirshner,* 225 Conn. 185, 208, 621 A.2d 1326 (1993), quoting *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). Because the purpose of an articulation is to clarify and not to change a decision substantively, a decision granting the defendant's motion for articulation would not "render the judgment or decision ineffective." Practice Book § 4009. Therefore, a motion for articulation is not included among those motions that extend the appeal period pursuant to Practice Book § 4009. The plaintiff's motion to dismiss is granted.

The appeal is dismissed.