WOODSIDE VILLAGE-STRATFORD ASSOCIATION *v.*
ROBERT HERTZMARK
(12637)

FOTI, HEIMAN and SCHALLER, Js.

Argued May 31—decision released September 13, 1994

*Pamela A. Mitchell,* with whom was *Bruce J. Batts,* for the appellant (defendant).

*W. Herbert Reckmeyer,* for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the granting by the trial court of the plaintiff's request for an execution on a stipulated judgment. We dismiss the defendant's appeal.

In September, 1991, the plaintiff leased an apartment that qualified as federally subsidized housing to the defendant, a mentally disabled man. The lease contained an agreement requiring the defendant to walk his dog in designated areas and to clean up the animal's waste. In May, 1992, the plaintiff claimed that the defendant had failed to comply with these requirements, and commenced a summary process action against the defendant seeking possession of the apartment.

In August, 1992, the trial court approved a stipulated judgment whereby the plaintiff obtained a judgment of possession of the apartment with a stay of execution through February 10, 1994. Pursuant to the judgment, the defendant agreed to walk his dog in a certain area and to dispose of the dog's waste. Shortly thereafter, the plaintiff moved for immediate execution on the judgment, claiming that the defendant had failed to comply with its terms.

In October, 1992, the trial court approved a modified stipulated judgment whereby the judgment for possession remained in effect and the stay of execution was made a final stay through February 10, 1994. The defendant again agreed to walk his dog in a designated area and to dispose of all waste. The plaintiff again moved for immediate execution on the judgment on the basis of its assertion that the defendant was not complying with the terms. On June 29, 1993, the trial court granted the plaintiff's request for execution on the judgment, and set a final stay of execution through July 31, 1993.

The defendant now appeals from this decision. On appeal, the defendant claims that, because of his mental disability, federal legislation requires the plaintiff to make reasonable accommodations in order to afford the defendant an equal opportunity to use and enjoy the apartment. The defendant contends that the plaintiff has failed to make such accommodations and seeks a reversal of the granting of the request for execution.

"A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Gillis* v. *Gillis,* 214 Conn. 336, 339, 572 A.2d 323 (1990); *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. *Gillis* v. *Gillis,* supra, 339–40." *Bank of Boston Connecticut* v. *DeGroff,* 31 Conn. App. 253, 255, 624 A.2d 904 (1993).

"It necessarily follows that if the judgment conforms to the stipulation it cannot be [opened] or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake." (Internal quotation marks omitted.) *Gillis* v. *Gillis,* supra, 214 Conn. 340; *Bank of Boston Connecticut* v. *DeGroff,* supra, 31 Conn. App. 256. A party seeking to open or set aside a judgment must do so by motion to the trial court. General Statutes § 52-212a;[1]

---

[1] General Statutes § 52-212a provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

Practice Book § 326;[2] see *Gillis* v. *Gillis,* supra, 340. "[T]he action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Gillis* v. *Gillis,* supra, 340.

On appeal, the defendant challenges the validity of the stipulated judgment by asserting that, because the plaintiff has failed to accommodate the defendant reasonably, the plaintiff is not entitled to possession of the apartment. We cannot address this claim because the defendant failed to move to open or set aside the stipulated judgment. See General Statutes § 52-212a; Practice Book § 326. Because the defendant failed to challenge the judgment properly in the trial court, we dismiss the defendant's appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[2] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. . . ."