## DARIEN K. SERGEANT *v.* GARY P. SERGEANT
### (13562)

O'Connell, Landau and Heiman, Js.

Argued May 23—decision released August 29, 1995

*David P. Ball,* for the appellant (defendant).

*Joy Kony Peshkin,* with whom, on the brief, was *Bruce A. Foodman,* for the appellee (plaintiff).

HEIMAN, J. In this dissolution action, the defendant appeals from the judgment of the trial court ordering the distribution of proceeds from the sale of various antiques co-owned by the parties. On appeal, the defendant claims that the trial court improperly distributed the proceeds of that sale pendente lite without holding an evidentiary hearing and without considering the factors enumerated in General Statutes § 46b-81 (c).[1] We dismiss the defendant's appeal as untimely filed.

---

[1] General Statutes § 46b-81 provides in pertinent part: "(a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign

The following facts are necessary for the resolution of this appeal. The plaintiff and the defendant were married in 1983 and became partners in an antiques dealership known as Sergeant Antiques. The parties operated their antiques business out of two shops in New Preston and used their marital residence as a third location where their inventory of antiques could be stored, displayed and sold.[2]

On January 11, 1993, the plaintiff instituted an action seeking a dissolution of her marriage to the defendant. Pending the dissolution, the defendant voluntarily left the marital residence and the parties entered into a stipulation that granted the plaintiff exclusive possession of the marital home. The defendant unilaterally dissolved Sergeant Antiques and the parties began to maintain the two shops in New Preston separately. Both the plaintiff and the defendant maintained records of the items sold and made regular accountings to each other of their sales.

On May 28, 1993, a hearing was held on each parties' motion to enjoin the other from disposing of the inventory of Sergeant Antiques. The defendant testified to his

to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[2] All of the antiques in this dispute were purchased by the parties with a Connecticut resale tax number.

concern that the plaintiff was removing inventory from the marital residence and selling it without his input as to price. The defendant alleged that the plaintiff might have been selling items at a price lower than the item's value and sought an order of the court that any items for which the parties could not agree on a price would not be sold. In response, the plaintiff argued that such an order would allow the defendant to prohibit the sale of all of the antiques stored in the marital residence by refusing to agree with the plaintiff as to price. The plaintiff suggested that, in the event of disagreement as to price, a third party appraiser could be used and the parties could be bound by that appraisal. The trial court urged the parties to come to an agreement on the issue and declared a recess to give the parties an opportunity for further discussion.

During the recess, the parties came to an agreement, which they reported to the court. In the agreement, the parties stipulated that they would try to agree on the value of as many items as possible and that an expert appraiser, Ron Bourgeault, would appraise and value any items on which the parties could not agree. Until the items were valued, the parties stipulated that they would be held at the marital home and would not be sold. Items for which the parties had agreed on a price could, however, be sold by the parties. The parties further stipulated that the proceeds of the sale of these items would be distributed as follows: each party would receive one half of the proceeds of any items selling for more than $5000; the proceeds of items selling for less than $5000 could be kept and used by the party selling the item, but monthly accountings would be made to the other party. The trial court accepted the agreement of the parties and entered it as an order of the court. No appeal was taken within twenty days of the issuance of this order nor were any motions filed within the appeal period that would have extended the time to appeal. See Practice Book §§ 4009 and 4040.

Nearly ten months later, no appraisal had been conducted and the parties had not agreed on the price of any of the antiques held for resale in the marital residence. On March 16, 1994, the defendant filed a motion for a further restraining order seeking to enjoin the plaintiff from selling any of the items located in the marital residence until "written agreement of the parties or further order of the court." The defendant interpreted the May 28 order to allow only for the sale of those items for which the parties could agree on the price. The defendant alleged that the plaintiff had threatened to sell the items located in the marital residence once they had been appraised and a value established. In opposition, the plaintiff alleged that the defendant had refused to cooperate in the pricing of the items located in the marital residence and had interfered with efforts to obtain the third party appraisal by Bourgeault. After hearing arguments, the trial court ordered that Sotheby's be substituted to appraise the items and, upon appraisal, they could then be sold by the plaintiff for not less than the appraised value. The order further provided that the proceeds of those items would be distributed as provided in the original order that was entered by stipulation of the parties.

On April 29, 1994, the defendant appealed, raising only the issue of whether the trial court properly ordered distribution of the proceeds of the sale of the co-owned assets. The plaintiff timely moved to dismiss the defendant's appeal as untimely filed and for lack of a final judgment.[3] We denied the plaintiff's motion without prejudice to his right to raise the issues at the time of full

[3] Practice Book § 4056 provides in pertinent part: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a

hearing.[4] We now dismiss the defendant's appeal as untimely filed.[5]

"The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . Practice Book [§ 4009] sets forth a clear and specific timetable for the filing of an appeal from a judgment of the trial court." (Citations omitted; internal quotation marks omitted.) *DeTeves* v. *DeTeves*, 202 Conn. 292, 295, 520 A.2d 608 (1987). "Pursuant to Practice Book § 4009,[6] a party appealing shall file an appeal within twenty days from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken." *Matka Corp.* v. *Automated Material Handling, Inc.*, 34 Conn. App. 723, 725, 643 A.2d 276 (1994). The period in which to file an appeal may be extended by filing a motion for extension of time to appeal; Practice Book § 4040;[7] or

motion based on lack of jurisdiction may be filed at any time. . . ."

The defendant's appeal was filed on April 29, 1994. The plaintiff's motion to dismiss was filed on May 9, 1994, within the ten day limit enumerated in Practice Book § 4056.

[4] The plaintiff again raised the issue of timeliness of the defendant's appeal in her brief filed with this court.

[5] Because we dismiss the defendant's appeal as untimely, we need not address the plaintiff's additional grounds for dismissal that the decision from which the defendant appealed is not a final judgment.

[6] Practice Book § 4009 provides in pertinent part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . ."

[7] Practice Book § 4040 provides in pertinent part: "(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal, except as may be otherwise provided in these rules. In no event shall the trial judge extend the time for filing the appeal to a date which is more than twenty days from the expiration

by filing a motion "which, if granted, would render the judgment or decision [appealed from] ineffective . . . ." Practice Book § 4009.[8]

Here, the defendant appealed only from the trial court's order regarding the distribution of the proceeds of the sale of the parties' antiques. This order was entered, by stipulation of the parties, on May 28, 1993.[9] The defendant did not file an appeal from this judgment within the twenty day appeal period, and did not file any motion during the appeal period which, if granted, would have rendered the judgment or decision ineffective. See Practice Book § 4009. Nor did the defendant file a motion for extension of time to file an appeal within the time provided by Practice Book § 4040. The trial court's orders dated April 18, 1994, did nothing to affect the manner in which the proceeds were distributed, but ordered only that the sale of the items appraised by

date of the original appeal period. Where a motion for extension of the period of time within which to appeal has been filed at least ten days before expiration of the time limit sought to be extended, the party seeking to appeal shall have no less than ten days from issuance of notice of denial of the motion to file the appeal. . . .

"(4) A motion for extension of time shall be filed at least ten days before the expiration of the time limit sought to be extended or, if the cause for such extension arises during the ten day period, as soon as reasonably possible after such cause has arisen. No motion under this rule shall be granted unless it is filed before the time limit sought to be extended by such motion has expired. . . ."

[8] See footnote 6.

[9] We note that even if the defendant's appeal were timely filed, we would still be required to dismiss it because the judgment appealed from was entered pursuant to a stipulation. "[A stipulated judgment] cannot be [opened] or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake. . . . A party seeking to open or set aside a judgment must do so by motion to the trial court." (Citations omitted; internal quotation marks omitted.) *Woodside Village-Stratford Assn.* v. *Hertzmark*, 36 Conn. App. 73, 75, 647 A.2d 759 (1994), citing *Gillis* v. *Gillis*, 214 Conn. 336, 339–40, 572 A.2d 323 (1990). The failure of the defendant to challenge the judgment properly in the trial court would require us to dismiss the appeal. See *Woodside Village-Stratford Assn.* v. *Hertzmark*, supra, 76.

Sotheby's would become part of the original order. We, therefore, dismiss the defendant's appeal, which attacks only the order of distribution, as untimely filed.

The appeal is dismissed.

In this opinion the other judges concurred.