[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Except as specifically stated in this memorandum, the instant case is a companion to and was argued with HousingAuthority of the City of New London v. Maria Santiago, et al,
decided by this Court on this date. The legal conclusions stated in the, Santiago memorandum are adopted in this memorandum. In this memorandum, the Court addresses an argument advanced by the defendant that is not present in theSantiago case and reviews the specific facts applicable to the keeping of the dog in the instant case.
At trial, neighbors of the defendant testified that the subject dog creates disturbances both inside the premises by constant barking and outside the premises. The dog ran free throughout the Housing Authority property. The dog left droppings in all areas which were not cleaned up by the defendant. Neighbors have testified that they have complained to the Housing Authority and to the police concerning to dog Prior to June 6, 1996, there were no updated vaccinations or proof of insurance. At the time that the writ was brought, the dog was not spayed. The testimony showed that the dog had two litters of puppies, which were housed on the Authority property, one litter as recently as May, 1996.
In the instant case, the defendant raised, as a special defense, that the banning of the dog is discriminatory against the defendant pursuant to § 46a-64c(a)(6). Section46a-64c provides in pertinent part:
 "[It shall be a discriminatory practice] to discriminate in the sale or rental . . . a dwelling . . . because of a learning disability or physical or mental disability [of a buyer or renter or a person residing in such dwelling.]"
Discrimination includes the refusal to permit reasonable modifications of policies where such modifications CT Page 356 may be necessary to afford a person with a learning disability full enjoyment of the premises. The defendant, Toni Tarrant, alleges that her son is mentally challenged and needs the companionship of his dog.
Evidence was introduced at trial in the form of a report card prior to the commencement of the eviction proceeding, which showed that the defendant's son was doing quite well in school. A report card following the commencement of the eviction proceeding showed considerably less success in the academic progress of the defendant's son.
In Woodside Village v. Hertzmark, 36 Conn. App. 73
(1994), the Appellate Court gave some guidance as to what may be considered a reasonable accommodation to afford a person with a disability full enjoyment of the premises. The Appellate Court recognized that, in a case of blind persons unable to obtain housing in a complex with a no pet policy, it might be necessary to allow a seeing eye dog. The second example given by the court was of a man with mobility difficulty who should be allowed parking spaces closer to his dwelling than would otherwise be the case.
General Statutes § 46a-64c is based on the Rehabilitation Act of 1973, § 504 as amended 29 U.S.C. § 794. The leading "Section 504" case is Majors v. Housing Authority,652 F.2d 454 (1981). In Majors, Laura Majors appealed from the judgment of the District Court granting summary judgment in favor of the appellee housing authority and denying her motion for preliminary injunctive relief. Ms. Majors alleged that she was a handicapped person within the meaning of the Rehabilitation Act by virtue of a mental disability which required the companionship of her pet dog. The parties stipulated that the case was amenable to a final ruling on the merits and a permanent injunction with one limitation. The primary unresolved factual dispute was the question of the plaintiff's alleged mental disability. The defendants stipulated for purposes of the appeal that the defendant had a mental disability and that the mental disability required that she be permitted to keep the dog in her apartment. The Court of Appeals remanded on the question of whether or not Ms. Majors was an otherwise qualified handicapped individual. To be an otherwise qualified handicapped individual, the Court of Appeals found that it was necessary to have an evidentiary hearing on the question of whether Ms. Majors suffered from a CT Page 357 handicap, whether the handicap required the companionship of the dog and what, if any, reasonable accommodations could be made.
In the instant case, there is testimony by Ms. Tarrant that her son was upset by the prospect of losing his dog. There is testimony by the son to the same effect. There are two report cards which show that the son's school performance has seriously deteriorated. However, the Court does not have before it any medical or psychological evidence showing the mental condition of Ms. Tarrant's son. Of equal, if not greater, concern, is the absence of any evidence establishing that the deterioration in academic performance is related to the prospect of losing the dog. The Court notes that a PPT had been scheduled to examine the reasons for the son's academic problems, but that this PPT was never held because Ms. Tarrant was unable to attend. It is the finding of the Court that Majors clearly stands for the proposition that, given an appropriate factual predicate, mental handicap may warrant reasonable accommodations, including the keeping of an animal in a public housing complex. However, in the instant case, that factual predicate is missing and the defendant has failed in her burden of proving that reasonable accommodations must be made.
For the reasons more fully set forth in Santiago, the Court grants to the plaintiff Housing Authority a judgment for possession and occupancy of the premises. However, said order is stayed upon the condition that the defendant pay the reasonable use and occupancy and follow the rules and regulations of the Housing Authority, with the exception of the regulation pertaining to the keeping of the dog. The judgment for possession and occupancy is stayed until June 15, 1997.
Kevin E. Booth, J.