[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this summary process action seeking possession of a dwelling unit on the ground that Defendant Wayne Francis' rental agreement has expired by lapse of time.[1]
Wayne Francis appeared, answered and filed a special defense in which he alleges that the plaintiff has "refused to renew the Defendant's lease because of the Defendant's race and color in violation of Connecticut General Statutes 46a-64b[2]." The plaintiff has moved to strike the special defense.
Section 10-39 of the Practice Book provides that "[w]henever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut
CT Page 14796National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
The plaintiff contends there is no case law or Connecticut statute to support the defendant's pleading a violation of General Statutes § 46a-64c[3] as a special defense to a summary process action based on lapse of time. The defendant contends General Statutes § 46a-98a[4], which allows plaintiffs to bring housing discrimination claims directly to the Superior Court, justifies his use of the statute as a defense to this summary process action.
In a number of cases, courts have ruled on the merits of special defenses alleging discrimination. In Woodside Village v.Hertzmark, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. SPH-9204-65092 (June 22, 1993,Holzberg, J.) (H-1010), appeal dismissed, WoodsideVillage-Stratford Assn. v. Hertzmark, 36 Conn. App. 73,647 A.2d 759 (1994), the court ruled on a special defense in an action based on lease violation, alleging that the landlord had failed to accommodate the tenant's disability "as required by the Federal Fair Housing Act, and its state counterpart, § 46a-64c(a) (6)(c) of the General Statutes, both of which prohibit discrimination in housing on the basis of handicap. " See also NewLondon Housing Authority v. Tarrant, Superior Court, judicial district of New London at New London, Docket No. 12480 (January 14, 1997, Booth, J.) (3 Conn. Ops. 227) (evaluating on its merits, in an action based on lease violation, a special defense claiming illegal discrimination under § 46a-64c(a)(6) of the General Statutes); Russo v. Forbes, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. SPN-3603-7889 (June 2, 1986, Goldstein, J.) (H-751) (evaluating on its merits a special defense claiming racial discrimination in a lapse of time case).
Similarly, in Willow Arms Associates v. Palka, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. SPH-8803-43228 (August 29, 1989, Doyle, J.) (H-903), the court decided the merits of a special defense alleging discrimination in violation of § 504 of the Rehabilitation Act of 1973; 29 U.S.C. § 794. One court, Burns, J., has also adjudicated on its merits a special defense, in a lapse of time action, alleging discrimination based on infringement of free speech rights. Meriden Redevelopment Agency v. Capital Video, Superior Court, judicial district of New Haven at Meriden, Docket No. CT Page 14797 SPM-9105-3027 (September 4, 1991, Burns, J.) (finding a lack of evidence to support the claim). In Harved Realty v. Leekoff,
judicial district of Hartford at Hartford, Docket No. SPH-94367 (Nov. 24, 1998, Beach, J.), the court discussed its findings on the substance of special defenses alleging unlawful discrimination in violation of both state and federal fair housing and anti-discrimination statutes.[5]
There are other cases, however, which suggest that the use of discriminatory practices as a special defense might be legally impermissible. In the Supreme Court case of Ossen v. Wanat,217 Conn. 313, 585 A.2d 685, cert. denied, 502 U.S. 816,112 S.Ct. 69, 116 L.Ed.2d 43 (1991), the defendants in a summary process action "sought permission to sell [a] mobile home on the leased premises in accordance with General Statutes § 21-79."[6] Id., 319. The Court held that the defendants did not have a right to sell their mobile home, stating that, "[s]ection 21-79 nowhere permits a defendant to use its right to sell its mobile home to delay a summary process action." Id., 319-20. The Court also stated, that "[w]e agree with the trial court's conclusion that the constitutional issues that the defendants attempted to raise `are far beyond the scope of the statutory action that is before the court'." Id., 318, 319 quoting 21 Conn. App. 40 at p. 46.
Further, in Evergreen Corp. v. Brown, 35 Conn. Sup. 549, 553,396 A.2d 146 (1978), the appellate session of the Superior Court stated that "[i]t has always been the policy of the law to limit issues in summary process actions within the express scope of the statutory provisions." Id., 553. "The necessary and only basis of a summary process proceeding is that the lease has terminated." Id. In Evergreen, the lease was terminated for nonpayment of rent. The court stated in that case, "as a practical matter, the defendant's claim of discrimination [was] based on the alleged discriminatory treatment at the hands of the plaintiff, and . . . not . . . on the terms or existence of the parol lease." Id., 555. The court questioned whether the defendant meant that the lease was illegal, or that the treatment received by him from his landlord was the basis of the alleged illegality. If the latter were true, the court stated, "this issue would more appropriately be the subject of a different type of action and is totally inappropriate in a summary process action." Id.
With no decision on point, resolution of whether a claim of racial discrimination in defense of an eviction based on lapse of time raises a legally cognizable special defense requires CT Page 14798 consideration and reconciliation of General Statutes § 47a-23, et seq (Summary Process) and General Statutes § 46a-64b and §46a-64c (Fair Housing), bearing in mind that the summary process statute is in derogation of the common law and must be strictly construed; Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598
(1953); and that the fair housing act is a remedial statute which must be broadly construed.. Commission on Human Rights Opportunities v. Sullivan Associates, 250 Conn. 763 (1999).
Plaintiff landlord relies on the narrow construction to be given the summary process statutes.
 It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions." Webb v. Ambler, 125 Conn. 543, 550-51, 7 A.2d 228 (1939). "Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed." Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601, 96 A.2d 217
(1953). "The purpose of summary process proceedings . . . is to permit the landlord to recover possession on termination of a lease . . . without suffering the delay, loss and expense to which he may be subjected under a common-law action. . . . The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession." Prevedini v. Mobil Oil Corporation, 164 Conn. 287, 292, 320 A.2d 797
(1973).
Ossen v. Wanat, 217 Conn. 313 (1991), cert denied, 502 U.S. 816,112 S.Ct. 69, 116 L.Ed.2d 43 (1991).
The plaintiff contends that tenants in Connecticut who are being evicted for lapse of time have only certain statutory defenses available to them. Specifically, such tenants can assert a defense to a lapse of time eviction 1) by claiming they are within the protected class of the elderly, physically disabled and blind and reside in a building consisting of five or more dwelling units pursuant to General Statutes § 47a-23c[7]; 2) by claiming the eviction is retaliatory pursuant to General Statutes § 47a-33[8]; or 3) by denying the existence or the expiration of the lease.
General Statutes § 47a-23c is entitled "Prohibition on CT Page 14799 eviction of certain tenants except for good cause," and prohibits a landlord from evicting elderly and blind or physically disabled persons except for certain specified reasons such as nonpayment of rent or violation of the lease. Lapse of time is not one of the authorized reasons. Ashley Willard Asylum v. Rodriguez,
Hartford Housing Court #1015, October 19, 1993 (Holzberg, J.). A landlord is required to assert a "good cause" reason under General Statutes § 47a-23c to evict a tenant in the specified protected class. That may mean logically that in a lapse of time case a landlord may evict at will and without "good cause" a tenant who is not within the statutorily protected class of elderly, blind or physically disabled. It is, however, neither logical nor tenable to infer that a landlord may evict a tenant not within the protected class of 47a-23c for "bad cause" or a discriminatory practice.
Such a result would be inconsistent with the plain language and remedial purpose of the fair housing act. General Statutes §46a-64c provides that it is a discriminatory practice
 to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income or familial status; and it is a discriminatory practice to represent to any person because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income, familial status, learning disability or physical or mental disability that any dwelling is not available for inspection, sale or rental when such dwelling is in fact so available; and it is a discriminatory practice for any person or other entity engaging in residential real-estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income, familial status, learning disability or physical or mental disability.
It is a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules which lead to absurd consequences or bizarre results. Such would be the case if a discriminatory practice were prohibited when denying a new lease yet allowed when denying a lease to renew. "The unreasonableness of the result produced by CT Page 14800 one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result. Commission on HumanRights Opportunities v. Sullivan Associates, supra.
Plaintiff also argues that a claim of discriminatory housing practice under General Statutes § 46a-64c comes within the jurisdiction of the State of Connecticut Commission on Human Rights and Opportunities. As pointed out by the defendant, however, the jurisdiction of the housing session of the superior court includes actions (and administrative appeals) involving discrimination in the sale or rental of residential property. General Statutes § 47a-68 (c).[9] An action for violation of General Statutes § 46a-64c, a discriminatory housing practice, may be brought directly "in the Superior Court, or the housing session of said court if appropriate" without first exhausting administrative remedies available from the Connecticut Commission on Human Rights and Opportunities. General Statutes §46a-98a.[10] Gail Fulk v Richard W. Lee et al, 25 Conn. L Rptr. No 5, 181 October 4, 1999 (Stengel, J.)
In a direct action under General Statutes § 46a-98a, a tenant may seek to enjoin a wrongful eviction, in addition to making a claim for damages. Such an action, which is privileged[11], could be joined with the summary process action or asserted as a counterclaim. The concern expressed in the concurring opinion inFellows v. Martin about impairment of the usefulness of the summary process procedure as an expeditious remedy was addressed in the majority opinion as follows:
 We disagree that such a development is sanctioned by our opinion. First, it should be noted that our holding does not involve equitable considerations generally, but declares only that "equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding." (Emphasis added.) Second, even if we were to preclude such equitable defenses in the summary process action itself, a separate action raising the same equitable considerations could be filed in the housing court as a basis for enjoining the eviction and would presumably be tried with the summary process action, if the right to possession was at issue. To allow the same matters to be raised in the summary process action without the necessity of commencing a separate suit for injunctive relief should result in a more expeditious resolution of all the issues relating toCT Page 14801 possession in a single action..__(Emphasis supplied.) Fellows v. Martin, 217 Conn. 57, 70, fn (9).
In asserting a claim of racial discrimination as a special defense, the tenant would be limited in the nature of the relief to the right to possession; whereas in an independent action, the tenant would be afforded a panoply of relief under the fair housing statute.[12]
Although neither party has asserted or commented on Section47a-33a of the General Statutes, that statute, enacted in 1995,[13] provides compelling support for the viability of a special defense claiming racial discrimination in an eviction action based on lapse of time. "In any action of summary process under this chapter, the tenant may present any affirmative legal, equitable or constitutional defense that, the tenant may have." (Emphasis supplied). General Statutes § 47a-33a.
It is a basic tenet of statutory construction that the legislature "did not intend to enact meaningless provisions."Turner v. Turner, 219 Conn. 703, 713, 595 A.2d 297 (1991). Accordingly, care must be taken to effectuate all provisions of the statute. See Pintavalle v. Valkanos, 216 Conn. 412, 418,581 A.2d 1050 (1990) ("[a] statute should be read as a whole and interpreted so as to give effect to all of its provisions");Hopkins v. Pac, 180 Conn. 474, 476, 429 A.2d 952 (1980) (it is a "well established principle that statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant"). "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation." Vaillancourt v. New Britain Machine/Litton,224 Conn. 382, 391, 618 A.2d 1340 (1993) Bridgeport Hospital v. Comm.On Human Rights Opp., 232 Conn. 91 (1995).
General Statutes § 47a-33a states "in any action" which would include an eviction action based on lapse of time. The statute also refers to "any . . . affirmative defense" which would include a defense of racial discrimination under General Statutes § 46a-64c.
The Motion to Strike is denied.
Tanzer, J. CT Page 14802