## STATE OF CONNECTICUT *v.* .2 ACRES KNOWN AS 319 JACKSON STREET, WILLIMANTIC
### (12879)

Landau, Schaller and Spear, Js.

Argued May 22—decision released August 29, 1995

*Roger L. LeClair*, pro se, the appellant (defendant owner).

*John A. East III*, deputy assistant state's attorney, with whom, on the brief, were *Mark S. Solak*, state's attorney, and *Richard Preston*, assistant state's attorney, for the appellee (plaintiff).

*Richard S. Cody*, for the town of Windham.

LANDAU, J. The issues in this case arise from a stipulation entered into by the parties in an in rem action brought by the state against the defendant, .2 Acres

known as 319 Jackson Street, Willimantic. The subject property is owned by Roger LeClair (defendant).[1]

The facts relevant to our resolution of this matter are not in dispute. In 1992, the plaintiff state instituted a criminal prosecution against the defendant for intentional violations of the building and health codes in connection with his ownership of 319 Jackson Street. The state simultaneously commenced a civil in rem action against the Jackson Street real property. In the in rem action, the state alleged that the property constituted a nuisance and was subject to forfeiture and disposition pursuant to General Statutes § 54-33g.[2]

Subsequently, on April 2, 1993, the trial court found that the state and the defendant had entered into a stipulation, pursuant to which the defendant agreed (1) to demolish the structure at 319 Jackson Street in accordance with an obtained permit, (2) to remove and stump all shrubbery, trees and brush from the premises,

[1] Although technically the in rem proceeding was against the real property, we will refer to LeClair as the defendant because General Statutes § 54-33g (b) provides that, if the property owner appears, "he shall be made a party defendant in such case."

[2] General Statutes § 54-33g provides in pertinent part: "(a) When any property believed to be possessed, controlled, designed or intended for use or which is or has been used or which may be used as a means of committing any criminal offense . . . has been seized as a result of a lawful arrest or lawful search, which the state claims to be a nuisance and desires to have destroyed or disposed of in accordance with the provisions of this section, the judge or court issuing the warrant . . . shall, within ten days after such seizure, cause to be left with the owner of . . . a summons notifying the owner . . . to appear before such judge or court, at a place and time named in such notice, which shall be not less than six nor more than twelve days after the service thereof. . . .

"(c) If the judge or court finds the allegations made in such complaint to be true and that the property has been possessed, controlled or designed for use, or is or has been or is intended to be used, with intent to violate or in violation of any of the criminal laws of this state . . . he shall render judgment that such property is a nuisance and order the same to be destroyed or disposed of to a charitable or educational institution or to a governmental agency or institution . . . ."

(3) to obtain a written opinion from a licensed engineer determining whether the remaining foundation was structurally sound, (4) if the foundation was deemed unsound, to demolish it and fill and grade the hole, and (5) if the foundation was deemed sound, to cap or roof it in accordance with an obtained permit.

On September 15, 1993, the trial court found that the defendant had failed to comply with the stipulation and granted the state's pending motion for judgment, resulting in the forfeiture of the property.[3] The defendant subsequently filed a "Repudiation of Judgment," which the trial court treated as a motion to set aside the judgment and which it denied. This appeal followed.

The defendant, appearing pro se, claims that the trial court improperly granted the state's motion for judgment of forfeiture and denied his motion to set aside the judgment.[4] At the April 2, 1993 proceeding, after the stipulation was read into the record, the defendant indicated that he approved of the terms of the agreement. The state argues that it is clear from the record that the defendant understood the substance of the stipulation and the consequence that would result from noncompliance with its terms, i.e., that the trial court would grant the state's pending motion for judgment of forfeiture. For this reason, the state asserts

---

[3] On the same day, the trial court dismissed with prejudice the criminal charges against the defendant.

[4] The defendant raises a number of other claims, none of which we need address in our disposition of this appeal. In turn, the state claims that we should refrain from granting appellate review because the defendant failed to brief his claims adequately, to preserve his claims and to provide an adequate record. "It is well established that our courts will allow great latitude to pro se litigants like the defendant. *Mechanics Savings Bank* v. *Tucker*, 178 Conn. 640, [643] 425 A.2d 124 (1979); *Higgins* v. *Hartford County Bar Assn.*, 109 Conn. 690, 692, 145 A. 20 (1929)." *Maresca* v. *Allen*, 181 Conn. 521, 521 n.1, 436 A.2d 14 (1980). We have read the defendant's brief in that spirit. Also, with respect to the claim that we address, we conclude that the defendant properly preserved the issue by filing his motion to set aside the judgment and that the record is adequate for review.

that the defendant agreed to a "conditional stipulated judgment," pursuant to which a judgment of forfeiture in favor of the state was the penalty for noncompliance with the terms of the stipulation.

" 'A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Gillis* v. *Gillis*, 214 Conn. 336, 339, 572 A.2d 323 (1990); *Bryan* v. *Reynolds*, 143 Conn. 456, 460, 123 A.2d 192 (1956). The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. *Gillis* v. *Gillis*, supra, 339–40.' *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 255, 624 A.2d 904 (1993)." *Woodside Village-Stratford Assn.* v. *Hertzmark*, 36 Conn. App. 73, 75, 647 A.2d 759 (1994).

Because we consider a stipulation a contract between the parties approved by the court, its terms "may not be extended beyond the agreement entered into." *Owsiejko* v. *American Hardware Corp.*, 137 Conn. 185, 187–88, 75 A.2d 404 (1950). While "[t]he court has the power to issue orders necessary to protect the integrity of the stipulated judgment . . . it may not enlarge or lessen the scope of the judgment. . . . If there is a lack of conformity between stipulation and judgment, an appeal may properly be taken from the refusal of the court to grant a motion to correct the judgment. . . ." (Citations omitted.) *Bank of Boston Connecticut* v. *DeGroff*, supra, 31 Conn. App. 256. It also necessarily follows from the nature of a stipulated judgment "that if the judgment conforms to the stipulation it cannot be [opened] or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake. . . . *Gillis* v. *Gillis*, supra, 214 Conn.

340; *Bank of Boston Connecticut* v. *DeGroff,* supra [256]." (Internal quotation marks omitted.) *Woodside Village-Stratford Assn.* v. *Hertzmark,* supra, 36 Conn. App. 75.

Our initial consideration, then, is whether the judgment in this case was rendered in conformance with the stipulation, such that it constitutes a stipulated judgment. To do so, we must determine the true scope of the stipulation and then compare it with the nature of the judgment. In our analysis, we must keep in mind that the defendant in this case appears pro se, as well as that the judgment entailed forfeiture.The appellate courts of this state consistently have been solicitous of the rights of pro se litigants. *Connecticut Light & Power Co.* v. *Kluczinsky,* 171 Conn. 516, 519–20, 370 A.2d 1306 (1976). Thus, in ascertaining the true scope of the stipulation, we must be mindful that the defendant might have understood only the explicit provisions. Second, as a general rule, forfeiture is not favored. See *State* v. *One 1981 BMW Automobile,* 5 Conn. App. 540, 543, 500 A.2d 961 (1985).

Our review of the transcript of the April 2, 1993 proceeding reveals that neither the parties nor the trial court stated that the defendant's noncompliance with the stipulation would result in a judgment of forfeiture. Also, the terms of the stipulation itself do not provide a penalty for noncompliance. The defendant agreed only to perform the remedial actions delineated previously, within a certain amount of time and at his expense. Thus, when it granted the state's motion for judgment of forfeiture on the ground that forfeiture was the penalty for noncompliance pursuant to the stipulation, the trial court extended the terms of the stipulation beyond those agreed on. See *Owsiejko* v. *American Hardware Corp.,* supra, 137 Conn. 187–88. For this reason, we conclude that the trial court improperly rendered the judgment of forfeiture and, consequently, improperly denied the defendant's motion to set aside the judgment.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to set aside the judgment.

In this opinion the other judges concurred.