PAUL CARPENTER *v.* MICHAEL B. MONTANARO
(AC 17816)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued December 11, 1998—officially released February 23, 1999

*David P. Friedman,* with whom, on the brief, was *James K. Filan, Jr.,* for the appellant (plaintiff).

*Richard L. Pate,* for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court enforcing the terms of a stipulated judgment. The plaintiff claims that the trial court improperly granted the defendant's motion to enforce

the stipulated judgment without making findings of fact or conducting an evidentiary hearing. We reverse the judgment of the trial court.

The parties sought to dissolve their partnership through a stipulated judgment, which was rendered by the trial court, *Grogins, J.*, on May 10, 1996. The stipulation provided that the property owned by the partnership would be converted into two condominiums and, in the interim, that the taxes would be shared equally by the parties. The stipulation also provided that, in the event that either party defaulted, the nondefaulting party could either purchase the property formerly owned by the partnership for $1.4 million, or cause the property to be sold for what the market would bear. On April 10, 1997, the defendant filed a motion to enforce the stipulated judgment,[1] claiming that the plaintiff was in default of the agreement because the plaintiff was delaying the conversion of the property to condominiums. The defendant sought an order directing the plaintiff to sell the property to him for $1.4 million or to have the property sold at a price satisfactory to the defendant.

The plaintiff, who had sent notice to the defendant on April 4, 1997, claiming that the defendant was in default because of his failure to pay his share of the taxes, responded by filing an opposition to the defendant's motion and by filing his own motion to enforce the stipulated judgment on April 15, 1997.[2] On April 23, 1997, the defendant filed an objection to the plaintiff's motion.

On September 23, 1997, the trial court, *Mottolese, J.*, denied the plaintiff's motion. Thereafter, on October 14,

---

[1] The defendant, appearing pro se, noted on his motion that he requested oral argument and that testimony was required.

[2] The plaintiff, who was represented by counsel, requested oral argument on his motion to enforce the stipulated judgment.

1997, the trial court, *Melville, J.*, granted the defendant's motion.[3] Action on both motions was taken without evidentiary hearings or oral argument. On November 11, 1997, the plaintiff appealed from the trial court's granting of the defendant's motion to enforce the stipulated judgment.[4] Thereafter, the plaintiff filed a motion for articulation. On June 23, 1998, the trial court filed its articulation as follows: "As I now recall, the basis on which this court granted the above-referenced motion is that said motion when presented to the court for decision on the nonarguable short calendar docket was uncontroverted and, finding no opposition pleading to consider, the court considered only what was before it.

"The court accepted the representations of the named defendant contained in the motion, reviewed the document attached thereto entitled 'Motion for Stipulation' dated May 10, 1996, and concluded, on the basis of the information at hand, that the defendant was entitled to enforcement of the judgment which the attachment set forth. Accordingly, the defendant's motion was granted."

Because the parties' briefs to this court were filed months prior to the trial court's articulation, we allowed the parties to argue, at oral argument, whether a manifest injustice had occurred in the trial court's handling of the defendant's motion.[5] We can review a claim when it rises to the level of plain error. "Plain error is reserved for extraordinary circumstances and situations in which the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 105, 694 A.2d 797 (1997). Here, plain error review is appropriate because

---

[3] Notice of the trial court's action issued on October 27, 1997.

[4] The plaintiff did not file an appeal from the denial of his own motion to enforce the stipulated judgment.

[5] See *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994).

the error is apparent on the face of the record and permitting the parties to brief the issue is unnecessary. See *Leary* v. *Citizens & Manufacturers National Bank*, 128 Conn. 475, 479, 23 A.2d 863 (1942); *Martin* v. *Liberty Bank*, 46 Conn. App. 559, 562 n.2, 699 A.2d 305 (1997).

Because there is no dispute as to the terms of the stipulated judgment, the trial court has the inherent power to enforce it summarily; see *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 811, 626 A.2d 729 (1993); and the parties therefore are not entitled to an evidentiary hearing. See *Ballard* v. *Asset Recovery Management Co.*, 39 Conn. App. 805, 810 n.3, 667 A.2d 1298 (1995) cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996). Oral argument on motions in civil matters is a matter of right only for motions to dismiss, motions to strike, motions for summary judgment and motions for judgment of foreclosure; for all other motions, oral argument is at the discretion of the judicial authority. Practice Book § 11-18 (a).

While a consent judgment may not be enlarged or lessened, the trial court may, once noncompliance is determined, in the exercise of its equitable powers, fashion whatever orders are required to protect the integrity of the original judgment. *Lee* v. *Tufveson*, 6 Conn. App. 301, 303, 505 A.2d 18, cert. denied, 199 Conn. 806, 508 A.2d 31 (1986); see also *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 256, 624 A.2d 904 (1993).

The record is clear, however, that the plaintiff filed an opposition to the defendant's motion. The record is also clear, through the trial court's articulation, that when the defendant's motion was presented, it was presented without the plaintiff's opposition. The record shows also that the trial court gave great weight to the fact that the defendant's motion was "uncontroverted"

and, having found "no opposing pleading to consider . . . considered only what was before it." While the court did not act improperly in ruling on what it thought to be an uncontested motion, it could not act in the full exercise of its authority because it was not presented with all the relevant material. A remand is necessary for that purpose.

The judgment is reversed and the matter is remanded for further proceedings.

In this opinion the other judges concurred.