[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Proceeding pro se, the plaintiff, Dr. William Van Eck, M.D., has filed a three count complaint against the defendant, MBNA America Bank. In count one, the plaintiff alleges that the defendant, in a effort to collect a credit card debt incurred by the plaintiff's wife, placed her accounts with an employee who engaged in a practice of harassing the plaintiff over the telephone. The plaintiff further alleges that the defendant's employee would make a series of rapid-fire calls to the plaintiff's medical office, beginning at 8:00 a.m., and that despite instructions from the office staff that the employee desist calling, the employee continued, making up to fourteen such calls in sequence. The plaintiff alleges that the CT Page 13182 defendant's employee would repeat the harassment between 3:00 and 4:00 p. m. The plaintiff describes the effect of such calling as creating a "hostage" and "tortur[ous]" situation because he and his medical staff were obliged to answer the phone.
The plaintiff additionally alleges that the defendant's employee would then make harassing calls to plaintiff at home. In count one, the plaintiff claims that the telephone harassment is a violation of 15 U.S.C. § 1692[1] and that the defendant also is liable to him for the "outrageous tortious conduct" of its employee. In the final paragraph of the first count, the plaintiff claims the defendant is liable to him for "damages, exemplary damages, and punitive damages."
In count two, the plaintiff realleges the conduct he asserted in count one and adds: "At all material times the Defendant Bank presented itself to the Plaintiff's wife and to the public at large as an institution careful and prudent in the handling of matters financial and invited the public at large to repose its faith, trust and confidence in the Defendant Bank." The plaintiff claims that the wrongful course of conduct alleged in count one is a breach of the duty of care which the defendant "undertakes consequent to Defendant's invitations to the pubic at large and to the Plaintiff's family to repose their faith, trust and confidence in Defendant Bank." The second count also alleges that the defendant's conduct was "outrageous and egregious and malicious and breaches any and all standards of due care incumbent upon defendant Bank to any member of the public at large and to the Plaintiff and to the Plaintiff's family." In the final paragraph of the second count, the plaintiff claims the defendant is liable to him for "damages, and for exemplary and punitive damages . . ."
In count three, the plaintiff alleges that the defendant was negligent in failing to supervise its employee to ensure that the employee did not harm the plaintiff, the plaintiff's wife, the plaintiff's medical practice or his patients.
The defendant has moved to strike the complaint. The defendant claims: (1) that there is no such claim as outrageous tortious conduct, as alleged in the first count; (2) that count one additionally fails to allege an actionable claim for intentional infliction of emotional distress; (3) that count two fails to allege negligence as it fails to allege that the defendant owed the plaintiff a duty of care; (4) that count three CT Page 13183 fails to allege a claim for negligent infliction of emotional distress; and (5) that the plaintiff fails to allege facts that would support his claim for punitive damages.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable in a count of a complaint would support a cause of action, the motion to strike that count must be denied. . . ." (Citation omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, supra,244 Conn. 271.
 I
The defendant moves to strike the complaint on the ground that it fails to state a claim for violation of the Consumer Credit Protection Act, 15 U.S.C. § 1692. The defendant argues that the statute only applies to debt collectors and that it is not a debt collector within the definition contained in the statute. The defendant also argues that count one is vulnerable to its motion to strike because "there is no such claim as outrageous tortious activity." In this connection, the defendant argues that in count one, the plaintiff does not allege the elements of the tort of intentional infliction of emotional distress.
The plaintiff argues in opposition that he has stated a cause of action for violation of the Consumer Credit Protection Act. He argues that at this stage of the proceeding, before discovery, he is entitled to plead "broadly" that an "employee" of the defendant committed the tortious activity without triggering the statute's exclusion of actions against creditors who attempt to collect a debt. He argues that after the defendant discloses the nature of the relationship between it and the employee-caller, the "employee" may well be an independent contractor and therefore a debt collector within the provisions of the act. The plaintiff additionally argues that the conduct alleged constitutes intentional infliction of emotional distress as the conduct was "done with malice aforethought. Self-evidently, this CT Page 13184 encompasses intent. [Additionally, the conduct is] outrageous, [a] torment [and a] torture."
The defendant is correct in its argument that count one does not state a cause of action for violation of the Consumer Credit Protection Act, 15 U.S.C. § 1692. That statute protects consumers from abusive debt collection practices by debt collectors. "The term debt collector means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. . . . The termdoes not include any officer or employee of a creditor while, inthe name of the creditor, collecting debts for such creditor."
(Emphasis added.) 15 U.S.C. § 1692a (6)(A). The plaintiff alleges that an employee of the defendant has made harassing phone calls in an effort to collect a debt of which the defendant is the creditor; the plaintiff does not allege that a debt collector has engaged in this activity. On a motion to strike, "the court is limited to the facts alleged in the complaint."Waters v. Autuori, supra, 236 Conn. 825; as it now exists, not as it may exist after discovery. See generally Criscuolo v. Shaheen,46 Conn. Sup. 53, 55, ___ A.2d ___ (1999).
The defendant is technically correct in its argument that "there is no such claim as outrageous tortious activity." But while no cause of action bears that particular moniker, the court is mindful of its duty to be solicitous of pro se parties. Roycev. Westport, 183 Conn. 177, 181, 439 A.2d 298 (1981); State v. .2Acres Known as 319 Jackson Street, 39 Conn. App. 40, 44,663 A.2d 1115 (1995); Budlong v. Nadeau, 30 Conn. App. 61,67, 619 A.2d 4, cert. denied, 510 U.S. 814,114 S.Ct. 62, 126 L.Ed.2d 31 (1993); Lo Sacco v. Young, 20 Conn. App. 6,12, 564 A.2d 610, cert. denied, 213 Conn. 808,568 A.2d 792 (1989); LaBow v. LaBow, 13 Conn. App. 330,336, 537 A.2d 157, cert. denied, 207 Conn. 806,540 A.2d 374 (1988). "The action is being prosecuted by the plaintiff [a] person who is not a member of the bar. In such a situation this court . . . so far as [it] properly can, will endeavor to see that such a plaintiff shall have the opportunity to have his case fully and, fairly heard, and will endeavor to aid a result, such as this case presents, brought about by plaintiff's lack of legal education and experience, rather than to deny him an opportunity to be heard through a too strict construction of a rule of practice, when this course does not interfere with the just rights of the defendant. . . ." Higginsv. Hartford County Bar Ass [n]., 109 Conn. 690, 692, 145 A. 20
CT Page 13185 (1929); Connecticut Light Power Co. v. Kluczinsky,171 Conn. 516, 520, 370 A.2d 1306 (1976).
Moreover, "[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.)Parsons v. United Technologies Corp. , 243 Conn. 66, 83,700 A.2d 655 (1997).[2]
Informed by these teachings, the court interprets the allegation of "outrageous tortious activity" in the context of the other allegations in the first count, as intending to claim the tort of intentional infliction of emotional distress. "In order for the plaintiff to prevail in a case for liability under [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991). These elements must appear to be fairly alleged in the complaint. See generally McAnerney v.McAnerney, 165 Conn. 277, 282, 334 A.2d 437 (1973). Just as the nature of a cause of action is "determined by the allegations of the complaint and not by the characterization of the pleader";Anderson v. Colwell, 93 Conn. 61, 65, 104 A. 242 (1918); neither is it necessary or "sufficient that a complaint refer to a basis of liability by some distinctive name." Research Associates, Inc.v. New Haven Redevelopment Agency, 157 Conn. 587, 588,248 A.2d 927 (1968).
In ruling on a motion to strike, the court recognizes that "[w]hat is necessarily implied [in an allegation] need not be CT Page 13186 expressly alleged. . . ." (Citation omitted; internal quotation marks omitted.) Knight v. F. L. Roberts Co., 241 Conn. 466,470-71, 696 A.2d 1249 (1997).
Applying this rule, the court concludes, based on the allegations in the first count, that the conduct alleged was extreme and outrageous and may infer from that conduct that the defendant knew or should have known that emotional distress was a likely result of such conduct. However, it is too great a leap of faith to reasonably infer that the defendant's conduct caused the plaintiff severe emotional distress. For this reason, and because the first count does not allege a cause of action for violation of the Consumer Credit Protection Act, the motion to strike the first count is granted.[3]
 II
The defendant also moves to strike count two, arguing that the plaintiff has no cause of action in negligence because the defendant had no duty to the plaintiff.
The plaintiff argues in opposition that because the defendant is licensed by the state and registered with the commissioner of banking, it owes a duty of care "to all persons who interact with the bank." The plaintiff cites no authority for this proposition.
"[T]he existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. . . ." (Citations omitted; internal quotation marks omitted.) Purzyckiv. Fairfield, 244 Conn. 101, 116, 708 A.2d 937 (1998) (Callahan,J, dissenting). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonableperson, knowing what he knew or should have known, wouldanticipate that harm of the general nature of that suffered waslikely to result from his act or failure to act." (Emphasis added; internal quotation marks omitted.) Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). The plaintiff has failed to state facts showing that the defendant was under a statutory or contractual duty to him. However, "the duty to exercise a reasonable care [also] arises whenever the activities of two persons come so in conjunction that the failure to exercise that care by one is liable to cause injury to the other . . . (Citation omitted; internal quotation marks omitted.)Borsoi v. Sparico, 141 Conn. 366, 370, 106 A.2d 170 (1954). CT Page 13187
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . [T]he determination of whether a duty exists between individuals is a question of law. . . . Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty." (Citation marks omitted; internal quotation marks omitted.) Lodge v. Arett Sales Corp. , 246 Conn. 563, 571,717 A.2d 215 (1998). Our Supreme Court has recently "stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) that a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . ." (Citation omitted; internal quotation marks omitted.) Id., 572.
The court has determined in part I of this opinion that "the conduct alleged was extreme and outrageous and may infer from that conduct that the defendant knew or should have known that emotional distress was a likely result of such conduct." Moreover, the court can divine no policy impediment for imposing tort liability on the defendant in such circumstances. Under the circumstances alleged in the complaint, the defendant owed the plaintiff a duty of care. The motion to strike count two of the complaint is denied.
 III
The defendant moves to strike count three, arguing that the plaintiff has not alleged negligent infliction of emotional distress. Even if this were so, count three alleges that the defendant failed to supervise its employee and that this caused the plaintiff damage. As stated supra, "[i]f facts provable in the compliant would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, supra, 244 Conn. 271. The defendant's motion to strike count three is denied. CT Page 13188
 IV
Finally, the defendant argues that the plaintiff's prayers for relief for punitive damages, in counts one and two, should be stricken "because the plaintiff has failed to allege that the defendant authorized its employee's acts. The court agrees. In general, absent statutory authority, punitive damages may not be awarded against a principal where that principal's liability is based solely on vicarious liability and the principal has not authorized the agent's actions. See Maisenbacker v. SocietyConcordia, 71 Conn. 369, 380, 42 A. 67 (1899) (finding that "no recovery of exemplary damages can be had against a principal for the tort of an agent or servant, unless the [principal] expressly authorized the act as it was performed, or approved it, or was grossly negligent in hiring the agent or servant"); Gionfriddo v.Avis Rent A Car System, Inc., 192 Conn. 280, 288, 472 A.2d 306
(1984) (recognizing that the common law was reluctant to impose liability upon employers for punitive damages assessed against employees).[4] The plaintiff has failed to allege that the defendant authorized or approved the errant employee's acts or was negligent in hiring him.
In conclusion, the defendant's motion to strike count one is granted. In addition, the defendant's motion to strike the plaintiff's prayer for relief for punitive damages in counts one and two is granted. The defendant's motion to strike the negligence claim in count two is denied; and the defendant's motion to strike count three is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court