JAMES C. BERNET ET AL. *v.* JOHN R.
BERNET ET AL.
(AC 18408)

Spear, Hennessy and Mihalakos, Js.

Argued December 3, 1999—officially released February 15, 2000

*William F. Gallagher*, with whom, on the brief, was *Thomas J. Airone*, for the appellants (defendants).

*William M. Bloss*, for the appellees (plaintiffs).

*Opinion*

MIHALAKOS, J. The defendants[1] appeal from the trial court's postjudgment ruling incorporating a settlement agreement between the defendants and the plaintiffs, James C. Bernet and Lisa Bernet. On appeal, the defendants claim that the court improperly (1) refused to grant them an extension of time as to the date of the second payment for $200,000 in a stipulated judgment totaling $500,000 in payments and (2) granted summary enforcement of the stipulated judgment. The plaintiffs, in turn, contend that this appeal should be dismissed because the defendants failed to file a motion to vacate the judgment pursuant to General Statutes § 52-212a[2] and Practice Book § 17-4, formerly § 326.[3] We affirm the judgment of the trial court.

---

[1] John R. Bernet, Helen O. Bernet, Maurice J. Bernet III, Maurice J. Bernet, Jr., and New Haven 95 East Truck Stop, Inc., are hereafter referred to as the defendants.

[2] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[3] Practice Book § 17-4 (a), formerly § 326, provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

The jury reasonably could have found the following facts. A trial originally was commenced concerning a dispute over ownership of stock in a closely held corporation, New Haven 95 East Truck Stop, Inc. During the trial, the parties entered into a stipulation, dated May 22, 1997. The stipulation, which was approved by the court and entered as a judgment, provided, inter alia, for payments by the defendants to the plaintiffs in the total amount of $500,000. The first payment in the amount of $200,000 was due on June 23, 1997. This amount was paid on June 27, 1997, pursuant to an agreement of the parties. Additional payments were to be made on March 2, 1998, in the amount of $200,000 and on March 1, 1999, in the amount of $100,000.

The stipulation further provided that the defendants were entitled to continue to operate the business until the completion of payment, at which time the defendants were to deliver to the plaintiffs all of the stock certificates representing ownership interest. Finally, the stipulation provided that in the event of default, the defendant John R. Bernet shall transfer all of his shares to the plaintiffs.

On February 27, 1998, the defendants filed a motion for extension of time concerning the second payment in the amount $200,000, which was due on March 2, 1998. The motion requested that the court extend the time for payment to March 17, 1998. On March 16, 1998, before a hearing on the motion, a second motion requesting an additional extension to April 6, 1998, was filed by the defendants. On March 17, 1998, the plaintiffs filed a motion for summary enforcement of the stipulated judgment. On April 3, 1998, the defendants filed a third motion, requesting an additional extension to May 4, 1998, although neither of their first two motions had been heard.

On April 6, 1998, the court held an evidentiary hearing on the defendants' three motions for extension of time.

On April 15, 1998, in a written memorandum of decision, the court denied all of the defendants' motions for extension of time, concluding, as a matter of law, that the court did not have the power to alter the terms of a stipulated judgment. The court did not expressly rule on the plaintiffs' motion for summary enforcement of the judgment.

On April 17, 1998, the defendants filed a motion for reargument. The court, on May 6, 1998, heard the motion to reargue and the plaintiffs' motion for summary enforcement of the judgment. The defendants contended that the failure to grant the extension would result in a "forfeiture" by the defendant John R. Bernet. The court denied the defendants' motion in an oral ruling and granted the plaintiffs' motion for summary enforcement of the stipulated judgment. The defendants never filed a motion to vacate or amend the judgment. This appeal followed. Additional facts and procedural history will be discussed where relevant.

Before proceeding to the merits of this appeal, we must first address the plaintiffs' claim that we should dismiss this appeal without review because the defendants failed to file a motion to open the stipulated judgment pursuant to General Statutes § 52-212a and Practice Book § 17-4, formerly § 326. We disagree.

The granting of the motion for summary enforcement of a judgment, even a stipulated judgment, is so conclusive of the rights of the parties that further proceedings cannot affect them, and the ruling, thus, constitutes a final judgment. See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Though an appeal from the underlying judgment would be barred for lack of aggrievement, an appeal from the granting of a motion to enforce a stipulated judgment is not so barred. See *Carpenter* v. *Montanaro*, 52 Conn. App. 55, 57–58, 725 A.2d 390 (1999).

The absence of a motion to open does not affect our jurisdiction over this appeal because the appeal is not only from the denial of the motions for extension of time, but also from the granting of the plaintiffs' motion for summary enforcement of the judgment. As a result, this is an appeal from a final judgment, which is a legal proceeding, separate and distinct from the opening of a judgment.[4] We conclude, therefore, that the absence of a motion to open does not affect our jurisdiction over this appeal.

I

The defendants' first claim is that the court improperly refused to grant the defendants an extension of time as to the date of payment in the stipulated judgment. We disagree.

"A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Citations omitted; internal quotation marks omitted.) State v. .2 Acres Known as 319 Jackson Street, 39 Conn. App. 40, 43, 663 A.2d 1115 (1995).

The stipulated judgment "cannot be altered or set aside without the consent of all of the parties, unless it is shown that the stipulation was obtained by fraud,

[4] The opening of a judgment pursuant to Practice Book § 17-4 is a procedure directed to the trial court's power to reexamine the validity of its own decision. See Clapper v. Clapper, 3 Conn. App. 637, 638, 490 A.2d 1030 (1985). An appeal from a final judgment, on the other hand, is designed to invoke the review of a higher court in an attempt to persuade the higher court to correct the judgment of the trial court. See W. Horton & S. Cormier, Rules of Appellate Procedure (1999), authors' comments, § 61-1, formerly § 4000, pp. 57–73.

accident or mistake." (Internal quotation marks omitted.) *Mulligan* v. *Hall*, 32 Conn. App. 203, 204, 628 A.2d 621 (1993), rev'd on other grounds, 229 Conn. 224, 640 A.2d 108 (1994). It is not within the court's power to "enlarge or lessen the scope of the [stipulated] judgment . . . ." (Internal quotation marks omitted.) *State* v. *.2 Acres Known as 319 Jackson Street*, supra, 39 Conn. App. 43. However, "[t]he court has the power to issue orders necessary to protect the integrity of the stipulated judgment . . . ." *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 256, 624 A.2d 904 (1993).

The defendants claim that the court can alter the mode of payment and, in doing so, would not be altering the terms of the stipulated agreement. We disagree. Alteration of the mode of payment, extending the times at which the payments are due, does, in fact, alter the dates and amounts to a significant extent. In effect, this enlarges the scope of the judgment. In this case, the defendants agreed to make a $200,000 payment on March 2, 1998. By filing a motion to extend the time to make the payment, the defendants sought to alter the terms of the stipulated judgment. The court does not have the authority to alter the terms of the stipulated judgment unless the parties agree to do so or it is shown that the judgment was obtained by fraud, accident or mistake. *Mulligan* v. *Hall*, supra, 32 Conn. App. 204.

The only other way the court can intervene is to issue orders necessary to protect the integrity of the stipulated judgment. *Bank of Boston Connecticut* v. *DeGroff*, supra, 31 Conn. App. 256. In other words, the court has the power to protect the judgment against the actions of a party who has failed to comply with the judgment. This did not occur in this case. Here, it is the defendants who failed to comply with the judgment and *they*, the parties in default, now are seeking to *change*, not to protect, the stipulated judgment. The court, therefore, had no authority to alter the terms

of the stipulated agreement and correctly denied the defendants' motions for extension of time.

## II

The defendants' final claim is that the court improperly granted the plaintiffs' motion for summary enforcement of the stipulated judgment. We disagree.

"Generally, [a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law [only] when the terms of the agreement are clear and unambiguous . . . ." (Citation omitted; internal quotation marks omitted.) *Thomsen* v. *Aqua Massage International, Inc.*, 51 Conn. App. 201, 204, 721 A.2d 137 (1998), cert. denied, 248 Conn. 902, 732 A.2d 178 (1999).

The stipulated agreement in this case specifically provided for the plaintiffs to pay the defendants $500,000 in three payments of $200,000 on June 23, 1997, $200,000 on March 2, 1998, and $100,000 on March 1, 1999. The defendants were to continue to operate the business until the completion of those payments, at which time the defendants were to deliver to the plaintiffs all of the stock certificates representing ownership interest in the corporation. The stipulation also provided that, in the event of default, the defendant John R. Bernet shall transfer all of his shares to the plaintiffs. The terms of the stipulated agreement clearly set forth specific dates, payments and responsibilities for each of the parties to abide by and are, thus, clear and unambiguous. The court, therefore, had the power to enforce the settlement agreement as a matter of law.

The defendants contend that by granting the motion for summary enforcement of the stipulated judgment, the court brought about a forfeiture of $200,000 by the defendant John R. Bernet. Forfeitures of contracts and rights thereunder are generally not favored in law. *State* v. *.2 Acres Known as 319 Jackson Street*, supra, 39

Conn. App. 44. In this case, the loss of $200,000 by the defendant John R. Bernet is a natural consequence of the defendants' failure to comply with the terms of the agreement they had agreed to and does not amount to a forfeiture. Thus, there is no issue of forfeiture.

Furthermore, the defendants' contention that the plaintiffs unfairly profited by the alleged court-imposed forfeiture also is without merit because the plaintiffs had no opportunity to profit during the one year period in which the defendants were in control of the corporation. While the defendants remained in control of the corporation, it was *they* who either profited or had the potential to profit from that operation. We conclude, therefore, that the trial court properly granted the plaintiffs' motion for summary enforcement of the stipulated judgment.

The judgment is affirmed.

In this opinion the other judges concurred.