[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Roxann Ames, appeals from the final decision of a hearing officer for the Department of Motor Vehicles ("DMV"), dated August 24, 1999, pursuant to General Statutes § 4-183 of the Uniform Administrative Procedure Act. The hearing officer concluded in his decision that the defendant, Western Surety Co., was obligated under a surety bond to pay $5650.00, as damages, to the state for the benefit of the plaintiff. The hearing officer, however, concluded that an award of attorney's fees and punitive damages were not recoverable under the bond. The plaintiff appeals claiming the hearing officer erred, as a matter of law, in determining that attorney's fees and punitive damages were not recoverable under the subject bond.
Pursuant to General Statutes § 14-52, Western Surety issued a motor vehicle dealers bond naming APL Auto Consulting, Inc. ("APL") as principal. (Return of Record ("ROR"), Item 9, p. 1.) On or about June 24, 1999, DMV initiated proceedings on the bond for the benefit of the plaintiff. (ROR, Item 1.) DMV alleged that on March 31, 1998, the Superior Court rendered a judgment in favor of the plaintiff against APL, and such judgment was based upon APL's "acts or conduct as a licensed used car dealer on January 13, 1997." (ROR, Item 1.)
The underlying complaint filed by the plaintiff in Superior Court against APL alleged that APL had wrongfully repossessed the plaintiffs automobile. (ROR, Item 5, p. 3.) The plaintiff in her complaint sought actual damages as well as punitive damages and attorney's fees under General Statutes § 42-110 (b), Connecticut's Unfair Trade Practices Act, and treble damages under General Statutes § 52-564. (ROR, Item 5, p. 3.) Western Surety was not a party to the action and had no notice of the claim or dispute between the plaintiff and APL. (ROR, Item 4.) APL failed to appear in the suit and judgment by default entered. (ROR, Item 3.) The judgment against APL was for $20,286.40, including actual damages CT Page 12142-y in the amount of $5650. The balance of the judgment consisted of attorney's fees and punitive damages. (ROR, Item 3.)
DMV conducted a hearing on the plaintiffs claim on July 13, 1999. Western Surety appeared at the hearing, but neither the plaintiff nor her counsel appeared at the hearing. (ROR, item 2, p. 3.)
By written decision dated August 24, 1999, a DMV hearing officer found that Western Surety was liable on its bond only for that portion of the judgment against APL that represented the plaintiffs actual damages, and that Western Surety was not liable for the balance of the judgment, since "attorney's fees and punitive damages . . . are not recoverable under the subject bond." (ROR, Item 9, p. 2, ¶ 6.) Western Surety made payment to DMV in the amount of the actual damages, $5650. This appeal to this court followed.[1]
The sole issue in the present appeal is whether attorney's fees and punitive damages are recoverable under General Statutes § 14-52
(b)(4), which requires bonding companies to indemnify against "any loss"attributable to a used car dealer. This very issues was recently raised and addressed by the court, McWeeny, J., in Western Surety Companyv. Department of Motor Vehicles, Superior Court, judicial district of New Britain, Docket No. 494408 (December 15, 1999, McWeeny, J). In that case, the court focused on the language of the statute creating the bond requirement in concluding that neither attorney's fees nor punitive damages were included in the phrase "any loss." In the present appeal, the court sees no reason to conclude otherwise, either as to punitive damages or attorney's fees.
The court finds the plaintiffs arguments distinguishing Western Surety
from the present appeal without merit.[2] In his decision, Judge McWeeny noted that other states had considered this issue and that there was conflicting results in the other jurisdictions. Judge McWeeny, however, reached his opinion by relying on the "context of the Connecticut statute."
The plaintiff argues that because the bond requirement under General Statutes § 14-52 indemnifies for "any loss sustained by any person by reason of the acts of the licensee constituting grounds for . . . revocation" and that the plaintiff had a judgment, the DMV must award the entire amount against the surety. The plaintiff cites Burnet v. Burnet,56 Conn. App. 667, 668 (2000) to support this proposition. The plaintiff argues that the "loss" arises from a judgment as the "natural consequence" of the failure of APL, the dealer, to follow the law. CT Page 12142-z
In Burnet v. Burnet, supra, 56 Conn. App. 667, the court was enforcing a stipulated judgment arising from a contract between the parties. Here, however, as Judge McWeeny observed, the language of the statute governs. Clearly, where the legislature intended to include attorney's fees and/or punitive damages in addition to the actual loss in a statutory indemnity, the language of the statute will so indicate. American Masons' SupplyCo. v. F. W Brown Co., 174 Conn. 219, 225 (1979). For example, the legislature in General Statutes §§ 14-176 and 49-8 (c) made specific provisions for attorney's fees. In General Statutes § 49-8 (c), the right to attorney's fees was added after the Appellate Court had rejected a claim for attorney's fees because of the prior statute's silence. Koehmv. Kuhn, 18 Conn. App. 313 (1989).
The plaintiff claims that appellate precedent supports her position on punitive damages and cites Avis Rent A Car System, Inc. v. Liberty MutualInsurance Co., 203 Conn. 667 (1987). The case is distinguishable, however, because the court relies on the language of the insurance policy in allowing for punitive damages. Id., 675. Therefore, Avis does not justify an award of punitive damages under a statutory bond.
Finally, the plaintiff raises General Statutes § 52-400e as a justification for awarding attorneys fees and punitive damages against the surety. This section, however, applies to the duties of DMV against the automobile dealer. In the case of failure to pay a judgment, as here, DMV may start proceedings to revoke the dealer's license. This statute does not improve the plaintiffs rights against the surety.
The plaintiffs appeal is therefore dismissed.
Henry S. Cohn, Judge