[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO ENFORCE JUDGMENT (#119)
I. FACTS:
The plaintiff brings a motion requesting that the court summarily enforce a judgment when the broad outlines of a settlement have been agreed to but the parties have not yet worked out all of the details. The pleadings, affidavits and other documents submitted reveal the following undisputed facts.[1]
On December 16, 1998, the plaintiff, Deborah Moore[2], filed an application for a prejudgment remedy and a five count complaint against the defendants, Margaret Lieberman, Leonard Lieberman and Nunki Corporation.
At the hearing on the application for a prejudgment remedy, the court,Gordon, J., urged the parties to enter judicial mediation. The parties consented to mediation with Judge Freedman acting as the mediator. At the first mediation conference, on June 28, 1998, the parties agreed that the defendants would pay $300,000 to the plaintiff. Defense counsel's notes indicate that the tax implications of the $300,000 would be a significant issue in future settlement negotiations.
On July 12, 1998, the accountants for the plaintiff and the defendants met. They determined that between $240,000 and $300,000 of a settlement would be tax deductible. In a letter dated August 26, 1999, defense counsel wrote: "We are prepared to pay the figures agreed to before Judge Fred Freedman. To the extent that those figures represent return of capital, there is no tax consequence. To the extent that the figures represent interest or wages, there are tax consequences that everyone is aware of. We will settle the case on this basis." A letter, dated September 2, 1999, from plaintiffs counsel to defendant's counsel, reiterated that the case could be settled, but that another session before Judge Freedman would be desirable.
Judge Freedman conducted a second mediation conference on October 20, 1999. At the conference, the parties again agreed that the defendants would pay the plaintiff $300,000. The $300,000 would be secured by a note with 7 percent interest that in turn would be secured by a mortgage on real property. Defense counsel's notes further indicate that the defendants would not claim $150,000 of the $300,000 as a tax CT Page 5563 deduction, implying that they planned to claim the other $150,000 as a tax deduction. Judge Freedman ordered that once an agreement was reached it was to be submitted to the court and the parties would make mutual releases.
In a letter dated November 18, 1999, plaintiffs counsel forwarded a draft of the stipulation for judgment. By letter, dated November 22, 1999, defense counsel wrote: "I have a major problem with page 4 of the stipulation." He further writes: "On page 4 you have again ignored the agreement we made with Judge Freedman. That agreement was that we would not deduct $150,000 of the $300,000 payment. . . . We had absolutely no discussion that $100,000 was consideration for a conveyance of real estate; that $50,000 was consideration for a conveyance of the transfer interest in Nunki stock; or that $50,000 was for release of any claim for punitive damages. The $50,000 we agreed to was for `costs of the litigation.' Obviously my clients will not agree that they are paying any amount of money for punitive damages."
On November 23, 1999, defense counsel, in a letter dated November 23, 1999, forwarded a draft of another settlement agreement. In his letter, defense counsel states that not agreeing to allow them to deduct at least $150,000 would be a "deal-breaker."
In a letter dated December 23, 1999, plaintiffs counsel raised several issues, including an acceleration clause in the mortgage, the use of standard commercial documentation and that the defendants actually planned to deduct $120,000 but that the deduction would not be included in the written agreement. Defense counsel responded with a letter, dated February 16, 2000. The letter states that the December 23rd 1999 letter proposes several changes and then raises six objections to those changes.
The parties agreed to another meeting with Judge Freedman held on June 15, 2000. The meeting, however, ended inconclusively.
On December 11, 2000, the plaintiff filed a motion to enforce a settlement agreement. The defendants objected on February 16, 2001.
II. DISCUSSION:
"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095
(8th Cir. 1988); see also J. Fischer, `Enforcement of Settlements: A Survey,' 27 Tort Ins. L.J. 82, 92 (1991). Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A CT Page 5564 court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings. Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986); see also Janneh v. GAF Corporation, 887 F.2d 432, 436-37 (2d Cir. 1989), cert. denied, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141
(1990); Meetings Expositions, Inc. v. Tandy Corporation, 490 F.2d 714,717 (2d Cir. 1974)." (Internal quotation marks omitted.) AudubonAssociates, Ltd. Partnership v. Barclay Stubbs, 225 Conn. 804, 811-12,626 A.2d 729 (1993).
The plaintiff claims that a court may summarily enforce a judgment when the broad terms of that judgment have been agreed to, but the parties have failed to agree to all the details accompanying the settlement. The plaintiff contends that a broad outline constitutes an unambiguous agreement. In support, the plaintiff cites DAP Financial Management Co.v. Mor-Fam Electric, Inc., 59 Conn. App. 92, 755 A.2d 925 (2000); Bernetv. Bernet, 56 Conn. App. 661, 745 A.2d 827, cert. denied, 252 Conn. 954,749 A.2d 1202 (2000); Moran v. Gallo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362969 (August 13, 1999,Melville, J.) (25 Conn.L.Rptr. 263); Zauner v. Brewer, Superior Court, judicial district of Litchfield, Docket No. 049135 (August 11, 1992,Gill, J.) (7 C.S.C.R. 1034); and Montgomery v. Smith, 40 Conn. Sup. 358,499 A.2d 444 (1985).
These cases are unavailing to the plaintiffs argument. Moran andMontgomery simply decide whether the settlement agreement needs to be in writing. The defendants in this case do not argue that the agreement needs to be in writing. They argue instead that there is no unambiguous agreement for the court to enforce. Bernet and Zauner are equally unavailing. In those cases, the parties had reported a settlement or had made a stipulation on the record. While the parties in this case may agree to the broad terms, there has been no stipulation nor have the parties agreed, either here or before Judge Freedman, to the implementation and tax treatment of the settlement amount. Finally, DAPFinancial did not decide the issue presented to this court. In DAPFinancial, the appellate court decided that a trial court was allowed to disregard contrary evidence and find that there was an unambiguous agreement. DAP Financial Management Co. v. Mor-Fam Electric, Inc., supra, 59 Conn. 97-98. Moreover, the court in DAP Financial stated "[the plaintiff argues that not only must the terms of the settlement be clear and unambiguous, but also that the parties must agree on the terms of the agreement. We have no quarrel with that proposition." (Emphasis added.) Id., 97, citing Audubon Parking Associates Ltd, Partnership v. Barclay Stubbs, Inc., supra, 255 Conn. 812. CT Page 5565
This court finds that the parties did not come to a full agreement on the terms of the settlement agreement. While the parties have agreed on the settlement price of $300,000, it is clear that they have not agreed to the tax implications for that amount or the form of any mortgage used to secure that amount. Another Superior Court decision has declined to enforce an agreement when only the broad outlines of the agreement are settled but the remaining terms are not. Nowakowski v. NB ManufacturingCo., Superior Court, judicial district of New Britain at New Britain, Docket No. 496904 (November 14, 2000, Kremski, J.T.R.) Accordingly, this court finds there is no unambiguous agreement and it cannot enforce a settlement.
III. CONCLUSION
For the reasons herein stated, this court shall deny the motion to enforce the settlement.
It is so ordered.
By the court
 ______________________________ GILARDI, JUDGE