[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#102) AND MOTION TO COMPEL (#111)
The parties in this matter filed, per the request of the court, a stipulation of facts dated April 29, 2002. The facts stipulated are as follows. The plaintiff was issued an Insurance Agent's license by the Commissioner of the State of Connecticut in January of 1993. The plaintiff was authorized to and did write bail bonds within the state. On March 7, 1996, the plaintiff pled nob contendre to a felony, larceny in the first degree in violation of General Statutes §§ 53a-519 and 53a-122
(a)(2) and was sentenced to one year, execution suspended, with two years probation. The plaintiffs probation was terminated by the court on February 19, 1997. Prior to September of 1996, the insurance commissioner suspended the plaintiffs license. On September 30, 1996, the plaintiff filed an application for reinstatement of her license which was denied on December 12, 1996. A hearing officer was appointed and after a hearing, a memorandum of findings and proposed final decision was issued on August 6, 1997. The decision upheld the commissioner's decision to deny reinstatement of the plaintiffs license. On August 8, 1997 the defendant, George Reider, Jr., insurance commissioner, issued an order adopting the above memorandum of findings. The plaintiff brought an appeal to the Superior Court, judicial district of Fairfield at Bridgeport.
On August 13, 1998, the parties entered into a stipulated judgment. The judgment provided: the plaintiff will not contest the commissioner's denial of her insurance license renewal; the plaintiff will not apply to the commissioner for an insurance license to write bail bond insurance prior to March 7, 2001 or five years from the date of her conviction; After March 7, 2001, the plaintiff may apply for a license to write bail bond insurance and the insurance department shall grant such application if plaintiff has not been convicted of a "disqualifying offense" as defined in General Statutes § 38a-660 (6) from March 8, 1996 to the date of her application, except the insurance department may not consider the plaintiffs 1996 larceny conviction, and she shall not be required to take an examination for such license; the parties agree that the agreement does not constitute a waiver or admission by any party as to any issue of fact or law involved in the case; upon entry of the stipulated judgment, the appeal will be fully and finally terminated including all issues raised therein. The stipulation was signed by commissioner Reider and the plaintiff and judgment entered on August 18, CT Page 6309 1998.
On April 10, 2001, the plaintiff sent a letter to the commissioner, now Susan Cogswell, indicating she wanted to apply for a license to write bail bonds pursuant to the settlement agreement and requested the necessary paperwork. Counsel for the insurance commissioner sent a letter dated May 7, 2001, provided the plaintiff with the necessary paperwork, and informed the plaintiff of the requirements she needed to fulfill to obtain her license. This letter further advised plaintiffs counsel that he may want to consider whether the provisions of 18 U.S.C. § 1033
were applicable to the plaintiff because of her 1996 conviction.[1] On August 31, 2001, the plaintiff applied for a waiver pursuant to18 U.S.C. § 1033 (e)(2). On October 15, 2001, the commission's counsel informed the plaintiff that her request for a waiver was denied. The plaintiff contacted the defendant's attorney and asked whether a hearing on the denial of the waiver was available and she was told that she was not entitled to a hearing.
The plaintiffs counsel requested a meeting with the commissioner and a meeting was scheduled on October 29, 2001. The commissioner, however, did not attend but was represented by counsel. The commissioner s counsel advised the plaintiff that the commissioner agreed to issue her a license in the state of Connecticut, but she would not grant the waiver required by 18 U.S.C. § 1033 (e)(2). Thereafter, the commissioner's counsel informed the plaintiff by letter dated November 7, 2001, that the department was unwilling to reconsider its October 15, 2001, denial and that this communication is the commissioner's final decision on the matter. The plaintiff then commenced this action.
The defendant filed a motion to dismiss on January 7, 2002, accompanied by a memorandum of law, citing lack of subject matter jurisdiction over the plaintiffs appeal because the refusal to grant the waiver is not a final decision in a contested case within the meaning of the UAPA, which can be appealed. The plaintiff filed an objection and also filed a motion to compel March 8, 2002.[2]
1. Motion to Dismiss — Perez v. Cogswell
The plaintiff has appealed the commissioner's decision not to grant her a waiver pursuant to 18 U.S.C. § 1033 (e)(2). Secondly, the plaintiff is seeking a writ of mandamus ordering the commissioner to exercise her discretion and grant the waiver. The commissioner moves to dismiss the first count of plaintiffs complaint for lack of subject matter jurisdiction because there exists no statutory right to appeal the commissioner's refusal to grant the waiver. Further, the commissioner's failure to give the plaintiff written consent under the federal statute CT Page 6310 is not a final decision in a contested case which may be appealed to this court.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v.Connecticut Siting Council, 212 Conn. 157, 163-64, 561 A.2d 931 (1989). "General Statutes §§ 4-166 and 4-183 provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a `final decision,' which is defined in § 4-166 as an `agency determination in a contested case'. A `contested case,' as defined in § 4-166, is a proceeding `in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. A person does not have a right to appeal unless the (agency) was statutorily required to determine the (person's) legal right or privilege in a hearing or after an opportunity for a hearing." (Citation omitted; internal quotation marks omitted.) Williams v. Connecticut Medical Examining Board, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 550698 (October 19, 1995, Maloney, J.).
The plaintiff does not have a statutory right to a hearing. Therefore, this is not a contested case and is not within the subject matter jurisdiction of this court. The Motion to Dismiss in Perez and Cogswell is therefore granted.
2. Motion to Compel — Perez v. Reider and Request for Mandamus inPerez v. Cogswell.
The plaintiff requests that this court compel the commissioner to grant the plaintiff a waiver pursuant to 18 U.S.C. § 1033 (e)(2) so that she may legally engage in the business of insurance. The plaintiff contends that the intention of the stipulated judgment was that if she was not convicted of a disqualifying offense, defined by § 38a-660
(6), the commissioner would take all steps necessary to grant the plaintiff a license to write bail bond insurance. The plaintiff has not been convicted of such an offense since 1996 and argues, therefore, that she is entitled to the license as promised by the agreement. The plaintiff notes that the current commissioner, Cogswell, has indicated that she is willing to grant the plaintiff a license. However, the commissioner's refusal to grant the plaintiff a waiver is in effect a denial of a license because without the waiver, the plaintiff is violating federal law.
The defendant argues that the court cannot order the commissioner to do CT Page 6311 anything beyond the scope of the agreement. Therefore, since a waiver was never contemplated nor is a waiver a part of the agreement signed by the parties, the court lacks the authority to order the commissioner to grant the waiver.
It is important to note that in 1999, the Connecticut legislature amended General Statutes § 38a-660 subsection (h) by eliminating exceptions to disqualification based on time lapsed since one's conviction and adding twelve misdemeanor offenses which will also disqualify an applicant. General Statutes § 38a-660 (h) previously stated, in pertinent part "In addition to all other requirements prescribed in this section, each applicant for a license shall furnish satisfactory evidence to the commissioner that . . . (3) the applicant has never been convicted of a disqualifying offense except that (A) in the case of a felony conviction, at least ten years have passed since the date of the applicant's conviction or release from imprisonment, parole or probation, whichever is later . . ." General Statutes § 38a-660
(h) currently provides, "In addition to all other requirements prescribed in this section, each applicant for a license shall furnish satisfactory evidence to the commissioner that: . . . (3) the applicant has never been convicted of a felony or any misdemeanor under section. . . ."
The legislative history provides incite as to why this change was made. The changes were prompted by the murder of Leroy Brown and his mother Karen Clarke, witnesses in State v. Peeler. See ___ CLR ___ (Superior Court Judicial District of Waterbury) (2000) (O'Keefe, J.). With regard to bail bonds and agents, Senator Penna argued, "As you know, and as we talked about a hundred times, the situation in Bridgeport, and I know that I initiated this out of public safety, the fact that somebody could walk in with $50,000 relative to this particular type of crime, and walk out again . . . we need to trace those types of dollars when they come in. . . . [subsection (h)] adds twelve misdemeanors to the grounds for denying license of bail bondsmen, and eliminates the time limit on the convictions of felonies and other crimes that would pre[v]ent some of those from becoming bail bondsmen. Currently, there is ten years on a felony, and five years on a misdemeanor. And somebody could still find themselves able to become a bail bondsmen. This will correct that situation." Senate Hearings, 1999 Session, pp. 1865-1866.
The defendants claim that the court may not alter the agreement in favor of one party to the detriment of another. If the court compels the commissioner to grant the waiver, the plaintiff would be granted greater relief than she would had won her appeal.
"A stipulated judgment has been defined by our Supreme Court as a CT Page 6312 contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. . . . The stipulated judgment cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake. . . . However, the court has the power to issue order necessary to protect the integrity of the stipulated judgment." (Citations omitted; internal quotation marks omitted.) Bernet v. Bernet, 56 Conn. App. 661, 665-66, 745 A.2d 827
(2000).
The court cannot order the commissioner to grant the waiver sought by the plaintiff because under current law and under General Statutes §38a-660 (h), the plaintiff is ineligible to obtain a license in Connecticut. The commissioner however, has stated she is willing to grant the plaintiff a license to write insurance in the state of Connecticut once the plaintiff applies, thereby upholding the stipulated judgment entered into. If the commissioner were to grant the plaintiff a license, she would be in violation of current state law because the plaintiff cannot furnish "satisfactory evidence" that she has "never been convicted of a felony."
General Statutes § 38a-8 governs the powers and duties of the insurance commissioner. General Statutes § 38a-8 (c) provides, in pertinent part: "In addition to the specific regulations which the commissioner is required to adopt, the commissioner may adopt such further regulations as are reasonable and necessary to implement provisions of this title." This broad discretion, however, is not without limitation. In Citrano v. Berkshire Mutual Ins. Co., 171 Conn. 248, 255,368 A.2d 54 (1976), the court noted, "[w]ithin their scope the regulations of the insurance commissioner have the force of statutes. . . . [I]t is also true that [w]hile the insurance commissioner is explicitly authorized by [38a-8 (c)] to issue regulations to effect the purposes of the statute, any regulations which exceed the authority granted to the commissioner are void." (Internal quotation marks omitted.). The statutes governing the granting of a license to write insurance exclude from eligibility anyone who has ever been convicted of a felony. If the commissioner were to grant the plaintiff an insurance agent's license, she would be exceeding the authority granted to her by statute. See Dugas v.Lumberman's Mutual Casualty Co., 22 Conn. App. 27, 39,576 A.2d 165
Further, the general rule is well established that nonperformance of a CT Page 6313 contract is excused where, before the time for performance, a change in the governing domestic law makes performance of the contractual promise illegal and therefore impossible. See Columbus R. Power Light Co. v.Columbus, 249 U.S. 399, 63 Led 669, 39 S.Ct. 349 (1919). One of the conditions implied in a contract is that the promisor shall not be compelled to perform if performance is rendered impossible by an act of the law. A contract which is legal in its inception but becomes illegal by subsequent statutory enactment is wholly terminated as soon as the statute takes effect, even though the time specified for its performance has not yet fully expired, and no action can be maintained by either party for failure to perform the obligations of the contract after the illegality has attached. See United States v. Gleason, 175 U.S. 588,44 L.Ed. 284, 20 S.Ct. 228 (1900).
It is important to note also that the current application for a producer's license contains language in two different places containing information about 18 U.S.C. § 1033 which states, "The Violent CrimeControl Act, 18 U.S.C. § 1033, prohibits a person who has been convicted of a felony involving dishonesty or breach of trust from doing insurance business without first obtaining a waiver from an Insurance Commissioner. An insurance license is not a waiver." (Emphasis in Original.). Further, the application states, "ALL SURETY BAIL BOND AGENTAPPLICANTS AND LICENSEES: Anyone who has ever been convicted of a felony shall be ineligible for a Surety Bail Bond Agent license."
Accordingly, in Perez v. Reider, the Motion to Consolidate (#112) is granted and the Motion to Compel (#111) is denied; in Perez v. Cogswell, the Motion to Dismiss (#102) is granted and the Application for a Mandamus is denied.
 ___________________ RUSH, J.